IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS D. CHAVEZ,

    Plaintiff,

   v.                                                                               No. CIV 10-0593 RB/RHS

CURRY COUNTY DETENTION CENTER,
CURRY COUNTY MEDICAL DEPARTMENT,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff was incarcerated when he filed his complaint. He appears pro se and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that during Plaintiff's incarceration he suffered serious medical effects from a spider bite. Plaintiff asserts that Defendants denied him adequate medical treatment for his condition, in violation of his constitutional protections. The complaint seeks damages.

No relief can be granted on Plaintiff's claims against the named Defendants Curry County Detention Center and Curry County Medical Department. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued."), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). And a "medical department" cannot be held separately liable in an action under § 1983 and thus is not a proper defendant. *Cf, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities."), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993). For purposes of this order, therefore, this pro se Plaintiff's claims against Defendants Curry County Detention Center and Curry County Medical Department are construed as directed at the county itself.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Curry County Detention Center and Curry County Medical Department are DISMISSED with prejudice; and Defendants Curry County Detention Center and Curry County Medical Department are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to add Curry County to the docket

as the Defendant and to issue summons, with a copy of Plaintiff's complaint, for Defendant Curry County.

_____
UNITED STATES DISTRICT JUDGE