IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS D. CHAVEZ,

      Plaintiff,

vs.                                                             Civil No. 10-0593 RB/RHS

CURRY COUNTY,

      Defendant.

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO DISMISS**

**THIS MATTER** is before the Court in consideration of Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), filed September 28, 2010 **[Doc. 12]**. Defendant contends that Plaintiff's complaint must be dismissed because "Plaintiff failed to exhaust his administrative remedies in accordance with the Prisoner Litigation Reform Act [("PLRA")]." (Motion to Dismiss at 5). Plaintiff has not filed a response to the motion. Having reviewed the motion, the relevant authorities and being otherwise advised in the premises, the Court finds that Defendant's Motion to Dismiss is not well-taken and recommends that it be denied.

*Background*

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights lawsuit. In his complaint, Plaintiff alleges that during his incarceration he suffered serious medical effects from a spider bite and that Defendant denied him adequate medical treatment for his condition. Plaintiff seeks damages. Although Plaintiff was apparently incarcerated at the time that he filed his complaint, the record suggests that he is no longer incarcerated. (See notice of address change, file-stamped Aug. 16, 2010 **[Doc. 8]** (indicating that Plaintiff is living with his mother)).

*Discussion*

The PLRA provides, *inter alia*, that "[n]o action . . . with respect to prison conditions" under § 1983 may be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "If a plaintiff is a prisoner when he files suit, § 1997e's exhaustion provision applies." Bridgeforth v. Walker, 2010 WL 3476439, at *1 (10th Cir. Sept. 7, 2010) (slip copy, unpublished) (citing Norton v. The City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005)).

Defendant contends that Plaintiff bears the burden of showing that his claims "have been exhausted by attaching a copy of the applicable administrative disposition to the complaint or . . . describing with specificity the administrative proceeding and its outcome." (Motion to Dismiss at 2 (citing Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000)). However, Defendant grossly misstates the law. An alleged failure to exhaust is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007) (cited in Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007)).[1]

"[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts, 484 F.3d at 1241. Thus, Defendant must

---

[1] In support of its proposition that Plaintiff bears the burden of showing exhaustion, Defendant also cites Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003). However, this proposition was abrogated more than three years ago by the Supreme Court of the United States in Jones. Id. at 216 (concluding "that failure to exhaust is an affirmative defense under the PLRA"). Defendant failed to note that Steele was abrogated by Jones and Roberts. The Court cautions defense counsel that "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of . . . law previously made to the tribunal . . . [or] fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." NMRA 16-303. The New Mexico rules of professional conduct also apply in the United States District Court for the District of New Mexico. See D.N.M.LR-Civ. 83.9.

necessarily prove that: (1) administrative remedies were available to Plaintiff, and (2) Plaintiff failed to exhaust these remedies.  See Purkey v. CCA, 263 Fed.Appx. 723, 726 (10th Cir. Feb. 5, 2008) (unpublished).  In its motion, Defendant misstates the law regarding exhaustion and fails to allege or show that any administrative remedies were available to Plaintiff, and/or that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit.  Accordingly, the Court finds that Defendant's Motion to Dismiss should be denied.

**WHEREFORE**,

**IT IS RESPECTFULLY RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint **[Doc. 12]** be denied.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE